NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DANIEL ZYDOWSKY, PETITIONER, v. FORD MOTOR COMPANY, RESPONDENT.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

1. That on or about Saturday, February 26th, 1927, between seven and eight P. M., the said petitioner was employed as a loader by the said respondent and was engaged in the duties of his employment assisting in the loading of a boat called the Lake Benbow, at Hoboken, New Jersey, and he asserts that at the time and place above mentioned, he was struck on the back by some lumber which was being slung into the said vessel; and he further says he experienced some

pain immediately upon the occurrence of the said alleged accident and stopped working for perhaps one-half hour, but continued thereafter. until the usual quitting time, about midnight; that the following day, being Sunday, he did not, in accordance with his usual custom, go to work, but that on the following day, Monday, February 28th, 1927, he worked his full time of eight hours at the place aforesaid, and on the followng day, Tuesday, March 1st, 1927, went to work as usual about four P. M., and had worked several hours when he sustained another accident resulting in the injury of several of his toes; that the latter injury confined him to the hospital until March 19th, 1927, and thereafter to his home, and for the temporary and permanent disability entailed by the said latter accident he has been compensated in full by the said respondent; and he further claims that on February 26th, 1927, he told his foreman that he had been injured, as aforesaid, which fact the said foreman absolutely denies; and it further appears from the testimony of the said petitioner that while he was confined to the hospital as a result of the injury to his toes he was advised by his attending physician that he should be operated upon for some other affliction; that on or about April 2d, 1927, he reported to the person in charge of the said respondent's office that the reason he had not returned to work was that he was suffering from a hernia; and it further appears from his own testimony that he made no claim to the person in charge of the said respondent's office regarding the injury to his back alleged to have been sustained on February 26th, 1927, until August 15th, 1927; and it further appearing that the only medical testimony produced by the said petitioner was that of a physician who examined him for the first time on December 14th, 1927, almost ten months after the said alleged accident, and that physician testified that the symptoms which the said petitioner exhibited might be caused either by the blow or by disease.

\*    \*    \*    \*    \*    \*    \*

HARRY J. GOAS,
*Deputy Commissioner.*